UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUEEN PRINYAH GODIAH P. PAYNES EL-
BEY,

                          Plaintiff,

                    -against-

ADT SECURITY SERVICES, INC., et al.,

                          Defendants.

21-CV-5211 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction, 28 U.S.C. § 1331, alleging that Defendants violated her rights in her rental

apartment, located in Poughkeepsie, New York. By order dated June 21, 2021, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

       For the reasons set forth in this order, the Court grants Plaintiff leave to file an amended

complaint against Defendants Sheila L. Robinson-Zenon (Robinson-Zenon), ADT Security

Services, Inc. (ADT), and the Federal Savings Bank (FSB) within sixty days of the date of this

order; and (2) dismisses all claims brought against Defendants 25 Lent Street, Poughkeepsie, NY

12601 (25 Lent Street) and 23 Lent Street Poughkeepsie, NY 12601 (23 Lent Street).

## STANDARD OF REVIEW

       The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action arises out of a dispute concerning Plaintiff's rental apartment in

Poughkeepsie, New York. She names as Defendants ADT; Robinson-Zenon, who was Plaintiff's

landlord; the rental property, 25 Lent Street, another property located at 23 Lent Street; and the

FSB. Plaintiff alleges that her landlord installed cameras made by Defendant ADT to surveil

Plaintiff. She asserts claims of invasion of privacy and seeks money damages.

The following facts are taken from the complaint: In the winter of 2020, Plaintiff

temporarily moved from the City of New York to an apartment located at 25 Lent Street in

Poughkeepsie, New York. Defendant Robinson-Zenon, the landlord of the rental property,

"refused to take care of her landlord issues/duties[,] [and] [f]rom Nov 2020 till end of Febr.

2021, [Plaintiff] was in a cold room that ha[d] [a] hole outside where cold air[ ] enter[ed]." (ECF

2, at 5.) After Robinson-Zenon did not fix the hole, Plaintiff contacted a building inspector, who

informed Robinson-Zenon that "she need[ed] to fix the issue[ ]." (*Id.*)

After this incident, Robinson-Zenon "change[d] on [Plaintiff] [and] put cameras to watch

[her]." (*Id.*) The cameras, also installed by 23 Lent Street (at Robinson-Zenon's request), faced

Plaintiff's bedroom where she slept. During this time, Robinson-Zenon and her boyfriend

harassed and bullied Plaintiff. For example, the boyfriend "curs[ed] [Plaintiff] out [and] refused

to move [so that Plaintiff had [to] clos[e] the door on his face." (*Id.* at 6.)

At some other point, Robinson-Zenon "had Janelle [Amico, Plaintiff's roommate,] come

to attack [Plaintiff] in the room that [did not have a] lock on [it]." (*Id.*)

Plaintiff attaches to the complaint: (1) email correspondence between her and ADT representatives regarding the installation of the cameras, in which Plaintiff states that she "know[s] Spanish people stick together and that brown skin Spanish rep [from ADT] caused ADT" to take part in the alleged "privacy violations," *id.* at 43; (2) a copy of Plaintiff's order of protection against Janelle Amico, who shared an apartment with Plaintiff, issued by the Poughkeepsie City Court; (3) City of Poughkeepsie Police Department records regarding Janelle's arrest for "displaying a knife" after Plaintiff complained about Janelle's leaving a door open to their apartment, *id.* at 16; (4) Plaintiff's "Affidavit of Noise Complaint, Landlord threaten me," filed in the "D[]utchess County District of Court[ ]," in which Plaintiff states that she is "disable[d] with health issue[s]" and generally complains of Robinson-Zenon's management of the property, *id.* at 25; (5) email correspondence with Robinson-Zenon; (6) a "Notice of Violation and Order to Abate," issued against Defendant Robinson-Zenon by the City of Poughkeepsie Building Department, *id.* at 31; and (7) several photographs.

Based on the attachments to the complaint, the Court understands that Plaintiff names Defendant FSB because it provided financing for the building located at 25 Lent. (*See id.* at 2) ("[Two] weeks after [Robinson-Zenon] signed and agree[d] on the Federal Saving[s] Bank[ ] agreement contract she rented to the house by room[;] she turned the living-room into a bedroom and she planned to turn the Din[ ]ing-room into another bedroom.").

## DISCUSSION

### A.    Claims against Robinson-Zenon

Because Plaintiff attaches documents to her complaint suggesting that (1) she is disabled and (2) Robison-Zenon ignored Plaintiff's complaints regarding her apartment, because Plaintiff

is not "Spanish," the Court construes the complaint as asserting claims under the Fair Housing Act (FHA), 42 U.S.C. § 3604.[1]

The FHA "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin," or disability. 42 U.S.C.§ 3604(b), (f). The FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See id.* § 3617 (unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title" ).

Here, Plaintiff's complaint does not expressly allege any facts suggesting a violation of the FHA. But because Plaintiff states in one of her attachments that (1) she is disabled and (2) with respect to her complaints regarding her apartment, "Spanish people stick together," suggesting that Robinson-Zenon treated Plaintiff differently because she is not "Spanish" (ECF 2, at 43), the Court grants Plaintiff leave to file an amended complaint to allege any facts supporting an FHA claim against Robinson-Zenon. If Plaintiff files an amended complaint, the pleading should include specific facts regarding Robinson-Zenon's treatment of Plaintiff with respect to Plaintiff's disability, race, and national origin. Moreover, if Plaintiff is alleging that

---

[1] The Court assumes for the purposes of this order that the FHA covers Plaintiff's residence. *See* 42 U.S.C. § 3604(b) (defining "dwelling," in part, as a "building" that is "occupied as . . . a residence by one or more families").

Robinson-Zenon treated Plaintiff differently based on any of these characteristics, Plaintiff

should include facts describing Plaintiff's disability, race, or national origin.

**B.      Claims against 25 Lent and 23 Lent**

The Court dismisses any claims Plaintiff intends to bring against the residential buildings

because they are not suable entities under the FHA. As stated above, under the FHA, it is

unlawful to discriminate against any person in the rental of a dwelling. As these buildings are

neither individuals nor entities alleged to have discriminated against Plaintiff, *see* 42 U.S.C.A.

§ 3602 (defining "Respondent" under the FHA as "(1) the person or other entity accused in a

complaint of an unfair housing practice; and (2) any other person or entity identified in the

course of investigation and notified as required with respect to respondents so identified"), the

Court dismisses the claims against them, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Claims against ADT and FSB**

The Court is inclined to dismiss the claims against ADT and FSB, but in light of

Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend to state any facts in support of

her claims against these defendants. Although it appears that Plaintiff names these defendants

because of their indirect involvement in Robinson-Zenon's rental property, if Plaintiff intended

to bring any claims against these defendants, she should state facts in support of such claims.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid FHA claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-5211 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses all claims brought against 25 Lent Street and 23 Lent Street for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   June 28, 2021
            New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)


## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
　　　　　　　　(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                             (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                Middle Initial       Last Name

_____
Street Address

_____
County, City                    State            Zip Code

_____
Telephone Number           Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                    Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                    Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                    Zip Code

Defendant 4: _____

                    First Name                    Last Name

                    Current Job Title (or other identifying information)

                    Current Work Address (or other address where defendant may be served)

                    County, City                State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.