UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUEEN PRINYAH GODIAH P. PAYNES EL-BEY,

    Plaintiff,

-against-

ADT SECURITY SERVICES, INC., et al.,

    Defendants.

21-CV-5211 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated her rights as a tenant. Because Plaintiff had failed to state a claim against any of the named defendants, the Court granted her leave to file an amended complaint. After reviewing Plaintiff's amended complaint, the Court finds that the pleading also fails to state a claim. Accordingly, the Court (1) grants Plaintiff 30 days' leave to file a second amended complaint against Defendant Sheila L. Robinson-Zenon only, and (2) dismisses all claims against the remaining Defendants.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

In Plaintiff's original pleading, she asserted claims arising out of a dispute with her landlord regarding her rental apartment in Poughkeepsie, New York. Plaintiff named as Defendants her landlord, Sheila L. Robinson-Zenon ("Robinson-Zenon"); ADT Security Services, Inc. ("ADT"); the Federal Savings Bank ("FSB"); 25 Lent Street, Poughkeepsie, NY 12601 ("25 Lent Street"); and 23 Lent Street Poughkeepsie, NY 12601 ("23 Lent Street").

Plaintiff asserted that Robinson-Zenon installed Defendant ADT cameras outside of Plaintiff's apartment for the purpose of surveilling Plaintiff. She asserted claims of invasion of privacy. Because Plaintiff attached documents to her complaint suggesting that Plaintiff is disabled and that Robinson-Zenon ignored Plaintiff's complaints regarding her apartment, because Plaintiff is not "Spanish," the Court (1) construed the complaint as asserting claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, (2) granted Plaintiff leave to assert an FHA claim against Robinson-Zenon to state any facts suggesting that Defendants ADT and FSB violated any of Plaintiff's rights, and (3) dismissed 25 Lent Street and 23 Lent Street from the action because they did not qualify as individuals or entities alleged to have discriminated against Plaintiff under the FHA.

Plaintiff's amended complaint, which is 208 pages long, reasserts claims arising out of her rental apartment. She names as Defendants Robinson-Zenon, ADT, FSB, Tiffany Rodriguez,

Pedro Cruz, Jac Builders LLC, Ariel Rodriguez, "Owners/Tenants who resided at 23 Lent Street, Poughkeepsie, NY 12601," "John/Jane Doe, et al.," and Francisco Cruz.

Plaintiff's amended pleading includes two allegations that arguably support claims under the FHA. First, the amended complaint suggests that Robinson-Zenon failed to accommodate Plaintiff's disability by not installing a ramp for Plaintiff's wheelchair. For example, Plaintiff states that

> [w]henever I need to get out if I have to go to appointment the transportation company have to have someone either carrying me out on a stretcher or put me in my wheelchair then two or three people help me out of the stairs it got so bad that I . . . have to give money to someone whom have Amazon to order me a ramp that way I can wheels up and down as I need too.

(ECF 11 at 70.)[1] Second, Plaintiff alleges that Robinson-Zenon, who Plaintiff contends identifies as being Christian, informed Plaintiff that she did not want Plaintiff to have guests in her apartment, some of whom were Muslim, although Robinson-Zenon allowed other tenants to have guests. (*Id.* at 68.)

The pleading otherwise largely consists of Plaintiff's complaints about the placement of a camera outside her apartment and her disagreements with Robinson-Zenon's boyfriend and other tenants. With respect to the camera, Plaintiff contends that Robinson-Zenon informed Plaintiff that she planned to "'put cameras to see who's coming and going in my house.'" (*Id.*) Plaintiff alleges that she initially "brushed it off, until she had the two neighbors and other two neighbors cross[ ] from the house and 23 lent street started spying on me whenever am outside waiting . . . to [be] picked [up]." (*Id.*) For example, she states that

> in February 2021 while was outside in front 25 lent street Poughkeepsie New York 12601 waiting for my ADA ride to pick me up for an appointment the man stated, 'I enjoyed watching you changing through your window at tonight' that is

---

[1] The Court quotes from the amended complaint verbatim, using alterations for clarification purposes only.

3

one of the many reason why I brought the case to the court to find out don't have rights/rights of Privacy?

(*Id.* at 24.)

With respect to Plaintiff's disagreements with Robinson-Zenon's boyfriend, Plaintiff alleges that he "curs[ed] [her] out" and said,

> 'You're not Spanish and us/we Spanish people stick together, we protect each other no matter what and your race I wished the White-Men back then should have completely wiped your mother-fuckers races out of the World[.]'

(*Id.* at 62.) Plaintiff contends that this "statement made [her] very depressed and put [her] under duress wishing for a race to wipe[ ] out another race just because you're mad at someone who[ ] complain[s] under the laws for your girlfriend to fix[ ] things that is in her house . . . ." (*Id.* at 63.)

Other interactions Plaintiff experienced with neighbors include the following:

> Several times when I am in the kitchen; I can hear them speaking in English at the porch or outside but the second that I open the door to open the window they see/saw me they would change from Speaking clear-good English to Spanish, and one of the oldest gentleman at '23 lent Street told me to learn to speak Spanish because in a few Decades English will be dead.'
> . . . .
> [A]lso several times whenever I asked them something in English they would repl[y] no English Spanish and I know they can speak English clearly.

(*Id.* at 69.)

Plaintiff's claims against ADT concern Plaintiff's informing ADT that her "privacy rights . . . [were] being violated [by] their equipment[ ] that the landlord is using to abuse [her] legal-lawful rights." (*Id.* at 73.) Her claims against FSB, Tiffany Rodriguez, Pedro Cruz, Jac Builders LLC, Ariel Rodriguez, and Francisco Cruz also appear to arise out of Plaintiff's informing them of her dispute with her landlord.

4

The amended complaint suggests that the allegations raised here were raised in state court, as Plaintiff alleges that she

> filed a personal injury case in Supreme Court right after that landlord harassment's and force evictions go worst and worst that I had no choice to reach out to the State General Attorney for some forms of help also landlord increased the rent too high to have me leaving her premised and landlord file illegal evictions against me in housing court never served me the way according to the rules of the Unified Courts.

(*Id.* at 74.) She also attaches to the complaint an "Affidavit of Noise Complaint, Landlord threaten me," filed in the "Dutchess County District of Court(s)," in which Plaintiff asserts that Robinson-Zenon threatened to evict Plaintiff if she filed a complaint against her and her sons. (*Id.* at 113.)

The remaining parts of the pleading consist of descriptions of the FHA statute and case law regarding the FHA.

## DISCUSSION

### A.     Rule 8 of the Federal Rules of Civil Procedure

Plaintiff's amended complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. The Court therefore grants Plaintiff leave to file a second amended complaint, as set forth below.

Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 8 also requires that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), which was overruled by *Twombly* on other grounds).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (1988) (citing Fed. R. Civ. P. 12(f)); *see also Shomo v. State of N.Y.*, 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) (holding that where a complaint "contain[ed] a surfeit of detail . . . the district court was within bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8"); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curium) (affirming dismissal of *pro se* plaintiff's 88-page, legal size, single spaced complaint that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension[,] fail[ing] to comply with the requirement of Rule 8"); *Lafurno v. Walters*, No. 18-CV-1935 (JS) (ARL), 2018 WL 2766144, at *3 (E.D.N.Y. June 8, 2018) (dismissing *pro se* plaintiff's 61-page complaint that included a 66-page "memorandum of law" and 157-page "affidavit").

Plaintiff's amended complaint does not contain a short and plain statement showing that she is entitled to relief, nor does she provide fair notice to the defendants of the nature of her claims so that they may answer and prepare for trial. While the amended complaint suggests two FHA claims against one of the Defendants, the pleading, in large part, focuses on events from which the Court cannot discern any violation of law. Plaintiff rather describes difficult personal interactions she has had with her landlord's boyfriend and other tenants, not illegal activity in which any of these Defendants – except possibly Plaintiff's landlord – engaged.

The Court therefore dismisses any claims Plaintiff may be asserting against Defendants ADT, FSB, Tiffany Rodriguez, Pedro Cruz, Jac Builders LLC, Ariel Rodriguez, and Francisco Cruz. The Court also declines to assist Plaintiff, under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d

Cir. 1997), in identifying Defendants "Owners/Tenants who resided at 23 Lent Street, Poughkeepsie, NY 12601" and "John/Jane Doe, et al." because she does not state any claims against these defendants.

**B.     Plaintiff fails to state an FHA claim against Robinson-Zenon**

The amended complaint suggests that Plaintiff's landlord failed to accommodate Plaintiff's disability and treated her differently because of her religion. The allegations in support of these two potential FHA violations, however, do not provide enough information to show that Plaintiff is entitled to relief and that Robinson-Zenon is liable for violating the FHA. The Court therefore grants Plaintiff 30 days' leave to state more facts in support of this claim, as set forth below.

The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of race, color, religion, sex, familial status, . . . national origin," or disability. 42 U.S.C. § 3604(b), (f). To state a claim of intentional discrimination under the FHA, a plaintiff must allege facts sufficient to show that she "was 'a member of a protected class,' suffered relevant 'adverse' treatment, and 'can sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation.'" *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir. 2018) (summary order) (emphasis in original) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

Section 3604 makes it unlawful to "discriminate in the . . . rental [of], or to otherwise make unavailable or deny, a dwelling to any . . . renter because of" the individual's disability. § 3604(f)(1)(A). Under the FHA, disability discrimination includes a refusal to make "reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." § 3604(f)(3)(B).

To state a claim under the FHA that a defendant failed to provide reasonable accommodations, a plaintiff must allege that (1) she had a disability, (2) the defendant knew of or should have known of the disability, (3) the requested accommodation "was likely necessary to afford the [disabled] person an equal opportunity to use and enjoy the dwelling," (4) the accommodation requested was reasonable, and (5) "the defendant refused to make the requested accommodation." *Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014).

Plaintiff alleges that she required a ramp for the use of her wheelchair, but she does not allege that Robinson-Zenon was aware of Plaintiff's disability, that Plaintiff requested this accommodation from Robinson-Zenon, or that Robinson-Zenon denied the request. The Court therefore grants Plaintiff leave to detail this claim to state facts suggesting that Robinson-Zenon denied Plaintiff's request for reasonable accommodation and when this denial occurred.

The Court also grants Plaintiff leave to detail her claim that Robinson-Zenon treated her differently because of religion, by describing how her landlord prevented her from having guests visit her in her rental apartment and when this differential treatment occurred.

C.   **Leave to amend granted as to FHA claim against Robinson-Zenon**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the Court concludes that Plaintiff may be able to cure the defects described above, the Court grants Plaintiff 30 days to file a second amended complaint. **The Court strongly advises Plaintiff to limit her second amended pleading to 20 pages.** Plaintiff need only assert facts regarding Robinson-Zenon's alleged violation of the FHA. **The Court also strongly advises Plaintiff to contact the New York Legal Assistance Group ("NYLAG")**, an organization that provides legal advice to self-

8

represented plaintiffs and defendants, for assistance in drafting her second amended complaint. A flyer from NYLAG is attached to this order.

## CONCLUSION

The Court grants Plaintiff leave to file a second amended complaint to state facts in support of her FHA claim against Defendant Robinson-Zenon. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 21-CV-5211 (LTS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses all claims brought against ADT, FSB, Tiffany Rodriguez, Pedro Cruz, Jac Builders LLC, Ariel Rodriguez, Francisco Cruz, "Owners/Tenants who resided at 23 Lent Street, Poughkeepsie, NY 12601," and "John/Jane Doe, et al." for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 18, 2022
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**SECOND AMENDED COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

I. **BASIS FOR JURISDICTION**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

A. **If you checked Federal Question**

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

B. **If you checked Diversity of Citizenship**

   1. **Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
           (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name          Middle Initial          Last Name

_____

Street Address

_____

County, City                      State                Zip Code

_____

Telephone Number              Email Address (if available)

B. **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
              First Name              Last Name

              _____
              Current Job Title (or other identifying information)

              _____
              Current Work Address (or other address where defendant may be served)

              _____
              County, City            State            Zip Code

Defendant 2: _____
              First Name              Last Name

              _____
              Current Job Title (or other identifying information)

              _____
              Current Work Address (or other address where defendant may be served)

              _____
              County, City            State            Zip Code

Defendant 3: _____
              First Name              Last Name

              _____
              Current Job Title (or other identifying information)

              _____
              Current Work Address (or other address where defendant may be served)

              _____
              County, City            State            Zip Code

Defendant 4:

    First Name                    Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City                State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

**V. PLAINTIFF'S CERTIFICATION AND WARNINGS**

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007